# Richmond.

86   658
86   745

## WHEELER v. COMMONWEALTH.

### MARCH 13th, 1890.

1. CRIMINAL PROCEEDINGS—*Robbery—Case at bar.*—Evidence showing that accused and companion assailed a party at a stated time, and that companion held the party whilst accused took from his person a pocket-book of the value of fifty cents, containing fifteen dollars in currency: *held,* proof warrants conviction of robbery.

2. IDEM—*New trial.*—The facts aforesaid being established, a new trial will not be awarded for newly-discovered evidence that a witness that had testified at the trial, since remembered that the scene of the robbery was examined by lamplight, and not by moonlight.

Error to judgment of circuit court of Brunswick county, affirming judgment of county court of said county rendered August 30, 1889, upon an indictment of James Wheeler, the plaintiff in error, for robbery, on the highway, of one Mansfield Moore, whereby said Wheeler was sentenced in accordance with the verdict of the jury, to confinement in the penitentiary for the term of ten years. Opinion states the case.

*E. P. Buford,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

HINTON, J., delivered the opinion of the court.

The errors assigned in this court are the same as those assigned in the circuit court, viz.: *First,* that the county court

erred in refusing to set aside the verdict as contrary to the evidence; and, *second*, that it also erred in refusing to set aside the verdict, and to award a new trial, on the ground of after-discovered evidence. Each of these objections is manifestly untenable. With the verdict there is a certificate of facts from which it plainly appears that on the night of the 11th July, 1889, one Mansfield Moore was assaulted by the prisoner and one Harrison Jones, and that, while the said Moore was being held by Jones, the prisoner took from Moore's person a pocket-book of the value of 50 cents, containing $15 in currency. A more complete case of robbery, it is scarcely necessary for us to say, could not be made out. As to the alleged new evidence, it is only necessary for us to say that it is utterly insufficient to justify a new trial. In *Whitehurst's case*, 79 Va., 561, this court, following numerous prior decisions of this court, holds that after-discovered evidence, to be such as to justify a new trial, must have been discovered since the trial; must be of such a character as that it would probably produce a different verdict upon a new trial; must be such as could not have been discovered by the use of due diligence; and finally, must not be collateral, corroborative, or cumulative. Now, the evidence produced in this case is wanting in two of these requisites, viz., is not such evidence as could not have been discovered before the trial by the use of reasonable diligence, nor is it of such a character as that it would probably produce a different verdict upon a new trial. It simply goes to show that an examination of the spot where the robbery occurred was made by the light of a lamp, and not merely by the light of the moon, and that by this lamplight spots of blood could be discovered on the ground. Giving to this evidence all the force that could possibly be claimed for it, it could not in any way affect any material fact as to the crime of robbery. That crime, as we have before seen, was established by the clearest testimony, and the actual perpetrators were fully identified. Under these circumstances, the mere

fact that one of the witnesses failed to recall the circumstances that the spot was subsequently examined by lamplight, cannot be held sufficient to overthrow the clear and unimpeached testimony of the same witness upon other and material points in the case. For these reasons we think there is no error in the judgment of the circuit court, and the same must be affirmed.

JUDGMENT AFFIRMED.